NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

STEPHEN SABLE, PETITIONER, v. SAM MITTERHOFF, RESPONDENT.

For the petitioner, *Charles Becker.*

For the respondent, *Edwards & Smith (Andrew O. Wiltreich,* of counsel).

\*      \*      \*      \*      \*      \*      \*

3. It appeared that the petitioner in the above matter, since the filing of the petition in his behalf, had died and his widow now sought to recover for his injuries and death.

4. It was the contention of the petitioner's attorney that the deceased, on or about February 20th, 1925, while in the employ of the respondent as a laborer, was injured in an accident which arose out of or in the course of his employment while he was removing a barrel of apples; the same slipped, injuring his right hand and striking his chest, causing an injury to chest which resulted in a lung abscess, and that the deceased died as a result of tuberculosis developed as a result of his injuries.

5. Respondent, however, contended that while the deceased had been injured in an accident arising out of or in the course of his employment by the respondent, the only injury which he suffered was a laceration of the right hand near the core of his thum of about two inches; that any disability which the deceased petitioner had suffered lasted for but a few weeks. It was only a temporary and not a permanent disability, and was therefore only entitled to be paid compensation for the length of such temporary disability. The respondent, however, in order to compromise, offered to pay to the petitioner's widow ten weeks' compensation at the rate of seventeen ($17) dollars per week, or the sum of one hundred and seventy ($170) dollars; and also offered to pay the sum of thirty ($30) dollars as a counsel fee to the attorney of the widow of the petitioner.

6. In order to satisfy myself, in so far as what caused the death of the petitioner, I examined, as a witness, the petitioner's widow, Mrs. Stephen Sable, of No. 85 Tichenor street, Newark, New Jersey, and ascertained that her husband, prior to the time of his death, had been a heavy drinker, and that he had been admitted to the Newark City Hopital, where he later died, as a delirium tremens patient, and also suffered from asthma, and that he died from pulmonary tuberculosis.

I also questioned her concerning the offer of compromise by the respondent, and she was satisfied that she receive the sum of one hundred and seventy ($170) dollars, or ten weeks' compensation at the rate of seventeen ($17) dollars per week, in full satisfaction of any and all claims which she might have against the respondent.

7. I do, therefore, find and determine that the deceased petitioner, Stephen Sable, was injured in an accident arising out of and in the course of his employment by the respondent on or about February 20th, 1925.

8. I do, therefore, further find that the only injury which the deceased petitioner sustained on the day in question was that the palm of the petitioner's right hand was lacerated for about two inches near the core of the thumb; that this was the only accident which the deceased petitioner suffered while in the employ of the respondent upon the day in question, and that the deceased petitioner did not die from any consequences of the accident sustained on February 20th, 1925.

9. I do further find that the amount offered by the respondent, in full and complete settlement of any and all claims which the deceased petitioner's widow might have against the respondent, which is the sum of one hundred and seventy ($170) dollars, or ten weeks' compensation at the rate of seventeen ($17) dollars per week, and which is to be paid in a lump sum to her, is fair, ample and just.

10. I do further order that the attorney for the petitioner shall be paid a counsel fee of thirty ($30) dollars, to be paid by the respondent for his services rendered in this matter.

HARRY J. GOAS,
*Deputy Commissioner.*